### BERKOW v. LAMPEL.

(Supreme Court, Appellate Term.   February 9, 1911.)

JUDGMENT (§ 145*)—DEFAULT—OPENING—SUFFICIENCY OF MOVING PAPERS.
     Where a judgment is reversed, and a new trial ordered, and judgment by default is entered on the second trial, and the moving papers on motion to open the default failed to point out how defendant expected to remedy the defects in his proof stated in the opinion reversing the former judgment in his favor, the motion was properly denied, but defendant should be permitted to renew his application upon proper papers.
     [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 271, 292-295; Dec. Dig. § 145.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Berkow against Samuel Lampel.   From an order denying defendant's motion to open his default, he appeals.   Modified and affirmed.

See, also, 125 N. Y. Supp. 513.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Michael Kaufman, for appellant.

Jacob J. Schwebel, for respondent.

PER CURIAM. The defendant recovered judgment upon a counterclaim interposed to plaintiff's complaint. The judgment was reversed by this court, and the case was set for trial on November 28th. At that time the defendant was not ready, and the plaintiff took judgment by default. The defendant thereafter moved to open his default, and now appeals from the order denying his motion.

While the moving papers present some excuse for the defendant's default, they fail to point out in what manner the defendant expects to remedy the defects in his proof pointed out in the opinion of the court reversing the former judgment in his favor. It was therefore impossible for the court to determine that the defendant had any probability of success upon a new trial.

He properly denied the motion, but we think that the order should be modified, by inserting permission to renew upon proper papers, and, as modified, affirmed, with costs to respondent.